UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                              :          **IN ADMIRALTY**
IN THE MATTER OF THE PETITION OF          :
SALVATORE COLANGELO, AS OWNER OF THE    :          25 Civ. 8523 (JPC)
LET'S LIVE II, FOR EXONERATION FROM OR     :
LIMITATION OF LIABILITY.                              :          <u>ORDER</u>
                                                              :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The deadline to file claims in this action was November 27, 2025. Dkt. 18. On April 1, 2026, the Court received a letter seeking leave to file late claims on behalf of three individuals: Chakeri Mitchell, Frederick Scott, and Francesca Brown ("Movants"). Dkt. 71 ("Motion"). Claimants Aisha Wilson, Shandice Wilson (with Aisha Wilson, the "Wilson Claimants"), Jeffrey Barry, Nadine Barry, Roy Gray, Alexandra Griffin, Ashphil Robertson, and Philomena Robertson (collectively, "Claimants") object to the request because allowing these new claims could diminish their respective recoveries from the assets in the limitation fund concursus. Dkts. 73, 76. Petitioner Salvatore Colangelo takes no position as to the request. Dkt. 75.

Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure states that the Court, "[f]or cause shown, . . . may enlarge the time within which claims may be filed." Fed. R. Civ. P. Supp. R. F(4). Whether to permit a late claim is within the district court's discretion whenever the facts show that enlarging the time for claims to be filed "will serve the ends of justice." *In re Complaint of M.V. President Kennedy, Ltd.*, No. 98 Civ. 8126 (CSH), 2000 WL 351425, at *2 (S.D.N.Y. Apr. 5, 2000) (citation modified). The demonstration required to show "cause" is minimal—"courts have consistently held that Rule F(4) is not to be narrowly construed and have permitted enlargements of time upon a showing that no party will be prejudiced." *Id.* (citation modified). "These propositions serve to advance the equitable consideration favoring assurance that all claimants recover at least some portion of their

claim." *Id.* (citation modified).  Therefore, "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims upon a showing of reasons therefore."  *Sagastume v. Lampsis Navigation Ltd., Drosia*, 579 F.2d 222, 224 (2d Cir. 1978) (citation modified).

Courts have denied requests to file late claims when the filing would require halting or re-opening discovery, *see, e.g.*, *In re Rationis Enters., Inc. of Panama*, 45 F. Supp. 2d 365, 368 (S.D.N.Y. 1999), and when the movant's delay is "extreme," such as when he asserts a claim more than three-and-a-half years after the claim deadline and approximately eleven months after he learned about the limitation action, *see In re City of New York*, No. 03 Civ. 6049 (ERK) (VVP), 2009 WL 10700416, at *1 (E.D.N.Y. Mar. 13, 2009).  Neither of those conditions is present here.

Movants contend that they were passengers on the M/V Cabana passenger vessel that allegedly collided with Petitioner's vessel, Let's Live II, in August 2025.  Motion at 1.  As represented in their Motion, Movants' counsel has demonstrated diligence in trying to learn about the existence of this Petition since he was retained in September 2025.  *See id.* at 1-3.  Counsel promptly contacted the New York City Police Department, New York City Fire Department-Emergency Medical Services, and the United States Coast Guard, and hired an investigator to determine the owner of the Let's Live II.  *See id.* at 1-2.  He discovered the existence of this action on March 30, 2026, and Movants filed their request two days later.  *See id.* at 2.  Prejudice to the parties is minimal as this case is at an early stage—discovery has not begun and the third-party defendant has not yet appeared.

To be sure, "increasing the claims would ultimately decrease the share of all claimants who filed their claims in a timely manner if limitation is appropriate."  *Rationis Enters., Inc. of Panama*, 45 F. Supp. 2d at 368.  But that is insufficient to deny the filing of a late claim; indeed, it is part and parcel of the scenario contemplated by the Federal Rules, which allows late claims to be filed

"for cause shown." Fed. R. Civ. P. Supp. R. F(4); *see M.V. President Kennedy*, 2000 WL 351425, at *3 (allowing a late claim even where it might diminish claimants' respective recoveries because "that is a consequence consistent with the admiralty's equitable distribution of a limitation fund among all injured parties").

Accordingly, the Court grants Movants' request. Movants shall file their claims by May 12, 2026.

The Court addresses an additional matter. On January 22, 2026, the Wilson Claimants filed a Third-Party Complaint against Third-Party Defendants Cabana Tempesta, LLC, and M/V Cabana. *See* Dkt. 57. The docket does not indicate, however, that the Wilson Claimants served the Third-Party Complaint on the Third-Party Defendants. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Nor have the Wilson Claimants requested an extension of time to serve the Third-Party Defendants.

Accordingly, the Wilson Claimants are ordered to file a status letter by May 12, 2026, describing (1) whether service of the Summons and Third-Party Complaint has been made on the Third-Party Defendants, and if not, (2) why good cause exists to excuse the Wilson Claimants' failure to serve the Third-Party Defendants within the 90-day deadline set by Rule 4(m). *See id.* ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The Court reminds the Wilson Claimants that "[t]o establish good cause a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 75 (S.D.N.Y. 2021) (citation modified).

The Wilson Claimants must file this letter even if service of the Summons and Third-Party

3

Complaint is or has already been made on the Third-Party Defendants. If the Third-Party Defendants have been served, the Wilson Claimants must also file proof of service on the docket no later than May 12, 2026. If no such letter is filed, the Court may dismiss their Third-Party Complaint for failure to prosecute.

The Clerk of Court is respectfully directed to close Docket Number 71.

SO ORDERED.

Dated: May 5, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4